**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | |
| MCDONALD SUTTON ) | Case No. 20-34504-KLP |
| JENNIFER GILBERT SUTTON ) | Chapter 13 |
| ) | |
| Debtors ) | |
| _____ | |
| MCDONALD SUTTON, ET AL ) | |
| ) | |
| Movants, ) | |
| ) | |
| ALLY FINANCIAL, INC. ) | |
| c/o CT CORPORATION SYSTEM, R/A ) | |
| 4701 Cox Rd., Suite 285 ) | |
| Glen Allen, VA 23060-6808 ) | |
| ) | |
| Respondent. ) | |

**AMENDED RESPONSE TO MOTION FOR TURNOVER OF PROPERTY OF THE ESTATE AND FOR RESPONDENT TO SHOW CAUSE WHY IT SHOULD NOT BE HELD IN CONTEMPT FOR VIOLATION OF THE AUTOMATIC STAY**

NOW COMES Ally Bank (incorrectly listed as Ally Financial, Inc.) ("Ally")[1], by counsel, and for its Response to Debtors' Motion to Turnover property of the Estate and for Respondent to Show Cause why it should not be held in Contempt for Violation of the Automatic Stay ("Motion"), states as follows:

1. As to paragraph 1 of said Motion, Ally admits that Ally (not Ally Financial Inc.)

---

[1] Ally Bank is the holder of the Retail Sale Installment Contract. Ally Bank designated Ally Financial Inc. to act as its collateral agent and hold a security interest in the Vehicle and appear as lienholder of record on the Vehicle's Certificate of Title for Ally Bank's benefit.

Carl A. Eason, Esquire
Counsel for Ally
Wolcott Rivers Gates
200 Bendix Road, Suite 300
Virginia Beach, Virginia 23452
bankruptcy@wolriv.com
(757) 497-6633
VSB# 18636

repossessed the 2017 Ford Expedition (the "Vehicle") via a third party repossession company. Ally further admits the allegations contained in paragraphs 2 and 3 of said Motion.

2. On the date of filing, November 10, 2020, Ally received notice of filing and immediately placed a hold on transport of the Vehicle (previously repossessed on October 28, 2020) to an auction facility out of state. The third party company which repossessed the Vehicle was Premier Collateral Recovery Services. Ally authorized release of the Vehicle to Debtors on November 10, 2020, the date of filing, and advice of same was given to Rebecca at the office of Debtors' counsel.

3. Unbeknownst to Ally, the Vehicle had already been turned over to a third party transport company and was in route to Bel Air Auto Auction in Maryland. Debtors' counsel's office was advised of this, yet demanded the Vehicle be surrendered <u>that day</u> or sanctions would be filed.

4. Ally advised the office of Debtors' counsel that an additional release had been sent to Bel Air Auto Auction and that Debtors were free to pickup the Vehicle when it arrived there.

5. On November 17, 2020, Ally was advised that the Vehicle had not arrived at the auction facility and that due to a mechanical breakdown of the transport carrier in route to Maryland, the Vehicle had yet to arrive at the auction facility. As of November 19, 2020, the Vehicle was still not at the auction facility.

6. On November 20, 2020, office of Debtors' counsel was advised that the Vehicle would be ready for pickup on the next business day, November 23, 2020. Upon advice to Kane's

Carl A. Eason, Esquire
Counsel for Ally
Wolcott Rivers Gates
200 Bendix Road, Suite 300
Virginia Beach, Virginia 23452
bankruptcy@wolriv.com
(757) 497-6633
VSB# 18636

office, Ally was informed the Motion had been filed.

7. Ally denies allegations contained in paragraph 4 of said Motion. Ally has never refused to release the Vehicle to the Debtors. Ally has suggested to Debtors that they may pickup the Vehicle at the auction at anytime without charge. Debtors indicated the inability to do so and asserted that Ally bears the financial burden of returning it.

8. Ally denies the allegations contained in paragraph 5 of said Motion. As of this date, the Debtors have not filed a Chapter 13 Plan to provide for Ally's treatment.

9. Ally denies the allegations contained in paragraphs 6, 7, 8 and 9 of said Motion. Ally further denies any violation of 11 U.S.C. §§ 362 and 542, and the holdings of Tidewater Finance Company v. Moffett, 288 BR 721 (E.D.Va 2002). Ally had possession of the repossessed Vehicle for 13 days without advice of the anticipated filings and had placed in motion the chain of events necessary to lawfully dispose of the collateral.

10. Debtors' counsel has indicated that the Debtors have alternative transportation and have not been prejudiced.

11. Notwithstanding the third party vendors of the Bel Air Auto Auction and transport procedures, Ally has attempted to have the Vehicle returned to Virginia and to the Debtors in an expeditious manner and continues that effort as of this filing.

WHEREFORE, Ally requests the Motion for Turnover of Property of the Estate and for Respondent to Show Cause why it should not be held in Contempt for Violation of the Automatic Stay be denied.

Carl A. Eason, Esquire
Counsel for Ally
Wolcott Rivers Gates
200 Bendix Road, Suite 300
Virginia Beach, Virginia 23452
bankruptcy@wolriv.com
(757) 497-6633
VSB# 18636

ALLY BANK (incorrectly listed as Ally Financial, Inc).


By:     /s/ Carl A. Eason
        Of Counsel


CERTIFICATION OF SERVICE

    I hereby certify that on the 25TH day of November, 2020, a true copy of the foregoing Response was mailed or electronically transmitted to James E. Kane, Esquire, 1313 East Cary Street, P.O. Box 508, Richmond, VA, 23218-0508, counsel for Debtors, to Carl M. Bates, Esquire, P.O. Box 1819, Richmond, VA, 23218, and to the Debtors at 11841 Winterpock Road, Chesterfield, VA, 23838.

    /s/ Carl A. Eason